FILED
CLERK

7/11/2018 11:07 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MADELIN JEAN,

                  Petitioner,

        -against-

WILLIAM LEE,

                  Respondent.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
17-CV-2851 (JMA)

**APPEARANCES:**

Madelin Jean
      *Pro Se Petitioner*

Madeline Singas
Tammy J. Smiley
Ilisa T. Fleischer
Nassau County District Attorney's Office
262 Old Country Road
Mineola, New York 11501
      *For Respondent*

**AZRACK, United States District Judge:**

      Petitioner Madelin Jean, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent William Lee, in his motion to dismiss, argues that the petition is time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d)(1). For the reasons stated below, the Court GRANTS respondent's motion to dismiss and dismisses the petition as time-barred.

## I.      BACKGROUND

      Petitioner was accused, among other things, of having intercourse on numerous occasions with his younger daughter—who was between the ages of 13 and 15—and of having intercourse

on two occasions with his elder daughter—who was between the ages of 16 and 18.  People v. Jean, 985 N.Y.S.2d 669, 670-71 (N.Y. App. Div. 2d Dep't 2014).

On April 1, 2011, following a jury trial, petitioner was convicted in New York Supreme Court, Nassau County of forty-two counts of rape in the second degree, thirty-nine counts of incest in the second degree, five counts of incest in the third degree, and one count of endangering the welfare of a child.  Id. at 670.

Petitioner appealed his conviction.  Id.  On May 14, 2014, the Appellate Division, Second Department, vacated petitioner's convictions for thirty-nine counts of second degree incest due to the charges being multiplicitous, and also vacated convictions for twelve counts of second degree rape as duplicitous.  Id. at 671-72.  The Appellate Division otherwise affirmed petitioner's convictions for the remaining thirty-six charges.  Id. at 672.

On September 22, 2014, the New York Court of Appeals denied leave to appeal.  People v. Jean, 24 N.Y.3d 961 (2014).  Ninety days later, on December 22, 2014, petitioner's conviction became final when the time expired for petitioner to seek a writ of certiorari from the United States Supreme Court.[1]  See Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).

On November 4, 2015, petitioner, proceeding pro se, filed his first collateral attack in the form of a motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10(1)(h) (the "440 Motion," ECF No. 8, attach. 1).[2]  In his 440 Motion, petitioner

---

[1] Respondent references Sunday, December 21, 2014 as the day petitioner's conviction became final.  However, because 90 days after September 22, 2014 falls on a Sunday, petitioner's conviction became final the following business day, on Monday, December 22, 2014.  See Belot v. Burge, No. 03-CV-1478, 2005 WL 6777981, at *14 & n.4 (S.D.N.Y. July 14, 2005) (stating that if the 90-day period expires on a Sunday, the conviction becomes final the following business day).

[2] Jean indicates in his petition that he filed his 440 Motion on September 7, 2015.  (Pet. at 3.)  However, the 440 Motion that Respondent provided to the Court is dated November 2, 2015 and was notarized on November 4, 2015.  (440 Motion at 1, 8, 9.)  The 440 Motion additionally appends two letters between petitioner and his previous counsel

asserted that: (1) a DNA laboratory report was admitted into evidence at trial in violation of his constitutional rights and that new DNA testing was necessary for petitioner to "be able to prove his innocence"; and (2) trial counsel was ineffective because counsel failed to ask the court to suppress the DNA evidence or to request the assistance of a DNA expert, and failed to move for a dismissal of the indictment on constitutional and statutory speedy trial grounds. (440 Motion at 3-8.) On February 17, 2016, the trial court denied petitioner's 440 Motion. (Petitioner's Habeas Corpus Petition ("Pet.") at 6; Resp. Aff. in Supp. of Mot. to Dismiss. ("Resp. Aff.") ¶ 10.) On April 14, 2016, the Appellate Division, Second Department, denied petitioner's application for leave to appeal the denial of the 440 Motion. People v. Jean, No. 2016-02539, 2684/08, 2016 WL 1457448, 2016 N.Y. Slip Op. 70483 (N.Y. App, Div. 2d Dep't  2016). On April 19, 2016, petitioner filed with the Court of Appeals an application seeking leave to appeal the Appellate Division's denial of the 440 Motion. (Resp. Aff. ¶ 10.) The New York Court of Appeals dismissed the application for leave to appeal on July 13, 2016.[3] People v. Jean, 27 N.Y.3d 1152 (2016).

On July 20, 2016, petitioner filed his second pro se collateral attack in the form of a Writ of Error Coram Nobis (the "Coram Nobis Motion," ECF No. 8, attach. 2). In his Coram Nobis Motion, petitioner asserted that appellate counsel was ineffective under both the state and federal standards because counsel failed to raise on appeal the arguments petitioner asserted in his 440 Motion. (Coram Nobis Motion at 4, 7.) On February 15, 2017, the Appellate Division, Second Department, denied petitioner's Coram Nobis Motion, finding that he failed to establish that he was denied effective assistance of appellate counsel. People v. Jean, 46 N.Y.S.3d 801 (N.Y. App.

_____

dated September 6, 2015 and September 15, 2015, respectively. (440 Motion at 10-14.) As there is no evidence as to the precise date petitioner's 440 Motion was filed, the Court assumes November 4, 2015, the date petitioner's 440 Motion was notarized, as the date it was filed. (440 Motion at 8-9.)

[3] Respondent references July 20, 2016 as the date on which New York Court of Appeals dismissed the leave to appeal. However, the correct date is July 13, 2016. Jean, 27 N.Y.3d at 1152; (Resp. Aff. ¶ 10.)

Div. 2d Dep't 2017).  Petitioner sought leave to appeal from the Court of Appeals, and on April

20, 2017 the Court of Appeals denied petitioner's application.  People v. Jean, 29 N.Y.3d 998

(2017).

On April 28, 2017, petitioner filed his pro se petition for a writ of habeas corpus (the

"petition").[4]  (Pet. at 11.)  On August 21, 2017 in response to an Order to Show Cause issued by

this Court (ECF No. 4), petitioner filed an attachment that was referenced in his petition and that

he had failed to include in the filing of his original petition.  (ECF No. 6.)  In his petition, Jean

argues that a DNA laboratory report was admitted into evidence at trial in violation of his

constitutional rights, and that trial counsel was ineffective for failing to: (1) seek a DNA expert;

(2) suppress the DNA evidence; (3) seek additional testing of the DNA evidence; and (4) seek

dismissal of the indictment on speedy trial grounds.  (Pet. at 3.)  He also argues that appellate

counsel was ineffective for not raising any of these issues on direct appeal.  (Id. at 5.)  Petitioner

additionally states in his petition that he "raised in the state court proceedings that he is actually

innocent."  (Pet. at 4, attach. at 1-2.)

On September 20, 2017, respondent filed notice of his motion to dismiss.  (Resp. Mem. in

Supp. of Mot. to Dismiss ("Resp. Mem.") at 1.)  Respondent argues that Jean's petition is untimely

and that he has not established that he is entitled to equitable tolling.  (Resp. Mem. at 8.)  In his

reply, petitioner does not dispute respondent's claim that his petition is time-barred by AEDPA,

and does not assert that he qualifies for equitable tolling.  (Pet'r Reply at 1-2.) Petitioner, however,

argues that he has "diligently pled his innocence," and that his "diligent plea" should allow for an

---

[4] Respondent uses the date petitioner signed the petition as the date the petition was submitted to calculate the tolling period.  (Resp. Mem. at 5; Pet. at 11); see also Harris v. Senkowski, 298 F. Supp. 2d 320, 335 (E.D.N.Y. 2004) (presumption that a habeas corpus petition is filed as of the date it is signed and notarized).

equitable exception to AEDPA's one-year limitation period.  (Pet. Reply at 1-2.)  Petitioner

additionally states in his reply papers, which were filed on October 10, 2017, that he is:

> still working to augment his actual innocence claim.  He is in the process of seeking
> documents to show the following that have materially contributed to his false
> conviction: 1) the tampering of documents; 2) ineffective assistance of counsel; and
> 3) medical records.  Based on the aforementioned additional information, the
> petitioner believes in good faith that he will meet the actual innocent standard that
> it is more likely than not that no juror would find him guilty.

(Pet'r Reply at 2.)  As of the date of this Order, petitioner has not provided any additional

documentation to the Court concerning his actual innocence claim.

## II.      DISCUSSION

The Court is mindful that submissions of a <u>pro se</u> litigant must be construed liberally and

interpreted "to raise the strongest arguments that they suggest.'"  <u>Walker v. Graham</u>, 955 F. Supp.

2d 92, 100 (E.D.N.Y. 2013) (quoting <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d

Cir. 2006)).

## A.  <u>Timeliness</u>

Respondent argues that petitioner's habeas corpus petition is time-barred by AEDPA.

(Resp. Mem. at 1.)  AEDPA sets a one-year limitation period for the filing of a petition for a writ

of habeas corpus by a person in custody pursuant to a state court conviction.  28 U.S.C. § 2244

(d)(1).  The applicable one-year period runs from the date on which one of the following four

events occurs, whichever is the latest:

> (A) the date on which the judgment became final by the conclusion of direct review
>     or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action
>     in violation of the Constitution or laws of the United States is removed, if the
>     applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Subsection (A) governs the time limit for the filing of petitioner's habeas corpus petition.  According to subsection (A), the one-year period in petitioner's case began running on December 22, 2014, which was when the time expired for petitioner to seek review of the denial of his direct appeal from the United States Supreme Court.  Fernandez, 402 F.3d at 112; Williams, 237 F.3d at 151.

**B.  Statutory Tolling**

AEDPA provides for tolling of the one-year period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," including a motion under New York Criminal Procedure Law § 440.10 motion or a writ of error coram nobis.  28 U.S.C. § 2244(d)(2).  The time during which such motions are pending does not count towards the one-year limitation period within which a petition for habeas relief is required to be filed.  A "state court petition 'is "pending" from the time it is first filed until [the time it is] finally disposed of and further appellate review is unavailable under the particular state's procedures.'"  Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009) (alteration in original) (quoting Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999)).

Under New York Criminal Procedure Law ("C.P.L.") § 450.15, a movant may appeal a denial by the Supreme Court of a § 440.10 motion to vacate a judgment "provided that a certificate granting leave to appeal is issued pursuant to [C.P.L. §] 460.15."  Except in death penalty cases, there is no right to appeal to the New York Court of Appeals.  N.Y. Const. Art. VI, §3(b); C.P.L.

6

§ 450.90.  Consequently, there is no right to appeal an order of the appellate division denying leave to appeal.  See Graham, 966 F. Supp. 2d at 102.  Thus, if the Appellate Division denies leave to appeal, and the petitioner seeks permission to appeal to the New York Court of Appeals, the time during which the latter leave application is pending is not tolled, because the leave application is not properly filed, and further appellate review is unavailable.  See id. (holding that AEDPA's limitation period was not tolled by petitioner's motion for leave to appeal to the Court of Appeals the Appellate Division's denial of leave to appeal a 440 motion).

Under AEDPA, therefore, Jean's petition is untimely.  Petitioner had 365 days from December 22, 2014, the date petitioner's conviction became final, to seek a writ of habeas corpus in federal court.  The limitation period ran for 317 days from December 22, 2014 until November 4, 2015 when petitioner filed his 440 Motion.  The 440 Motion tolled the limitation period until April 14, 2016, when the Appellate Division denied petitioner's application for leave to appeal the denial of the 440 Motion.  See Jean, 2016 WL 1457448 (N.Y. App. Div. 2d Dep't 2016).  The limitation period was not tolled during the pendency of petitioner's motion for leave to appeal the 440 Motion to the Court of Appeals.  Therefore, the one-year limitation period began running again on April 14, 2016 and it expired 48 days later on May 31, 2016.

On July 20, 2016, over a month after the one-year limitation period had run, petitioner filed his Coram Nobis Motion.  (Coram Nobis Motion at 9.)  The filing of a writ of error coram nobis after the one-year limitation period has already expired does not reset the limitation period.  See Smith v. McGinnis, 208 F.3d 13, 16-17 (2d Cir. 2000) (finding that tolling provision for AEDPA excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one year statute of limitation begins to run); see also Doe v. Menefee, 391 F.3d 147, 154 (2d Cir. 2004) (noting post-conviction proceedings commenced after the limitation

period has run does not restart the limitation period). Therefore petitioner's Coram Nobis Motion did not toll or extend AEDPA's one-year filing deadline as he did not file his Coram Nobis Motion until after the statute of limitations had already expired.

Because petitioner's habeas corpus petition was filed on April 28, 2017, over one year after the limitation period had run, (Pet. at 11), the petition is untimely.

## C.  Equitable Tolling

"Equitable tolling should be applied only in 'rare and exceptional circumstances.'" Graham, 955 F. Supp. 2d at 103 (quoting Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005)). AEDPAs one-year limitation period is subject to equitable tolling only if a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 632 (2010) (internal quotations omitted); see also Chrysler v. Guiney, 14 F. Supp. 3d 418, 433 (S.D.N.Y 2014), aff'd, 806 F.3d 104 (2d Cir. 2015) (stating that AEDPA's limitation period may be equitably tolled if petitioner can show extraordinary circumstances prevented the timely filing of a habeas corpus petition and show petitioner acted with reasonable diligence during that time period). This requires the petitioner to "'demonstrat[e] a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" Chrysler, 14 F. Supp. 3d at 433 (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). Petitioner does not deny that his petition is untimely and fails to allege or detail any extraordinary circumstance that would warrant equitable tolling should be made available.[5]  (Pet. at 1-11.)  Further, in his reply, petitioner

---

[5] The Second Circuit has found "extraordinary circumstances" for the purposes of equitable tolling to include hospitalization and confiscation of legal papers by prison officials.  See Harper v. Ercole, 648 F.3d 132, 137 (2d Cir.

similarly does not address equitable tolling or provide any extraordinary or severe obstacles that prevented him from timely filing his petition. (Pet'r Reply at 1-2.) Accordingly, the Court finds that equitable tolling is not warranted.

## D.  Actual Innocence

Jean states in his petition that he "raised in the state court proceedings that he is actually innocent." (Pet. at 4, attach. at 1.) In his reply to respondent's motion to dismiss the petition, he further argues that he has "diligently pled his innocence," and that his "diligent plea" should allow for an equitable exception to AEDPA's one-year limitation period. (Pet'r Reply at 1-2.) Petitioner additionally states in his reply that that he is "still . . . in the process of seeking documents" to support his actual innocence claim. (Pet'r Reply at 2.)

"The Second Circuit recognizes 'an equitable exception to AEDPA's limitation period in extraordinary cases . . . in which the petitioner has made a credible and compelling showing of his actual innocence.'" Graham, 955 F. Supp. 2d at 105-6 (quoting Rivas v. Fischer, 687 F.3d 514, 552 (2d Cir. 2012)). "For the claim to be credible, it must be supported by new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Rivas 687 F.3d at 541 (internal citations omitted) (quoting Schulp v. Delo, 513 U.S. 298, 324 (1995)).

Petitioner has failed to point to any new evidence supporting his actual innocence claim in his habeas petition. Additionally, despite petitioner's claim in his reply that he would provide the

---

2011) (hospitalization that causes petitioner to miss filing deadline can be an extraordinary circumstance for equitable tolling of AEDPA's limitation period); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of prisoner's legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling of one-year limitation period for habeas petitions under AEDPA); Bolarinwa v. Williams, 593 F.3d 226, 231 (2d Cir. 2010) (mental illness may justify equitable tolling of the one-year period for filing federal habeas petitions).

Court with additional evidence supporting his actual innocence claim,  he has failed to do so in the nine months since his reply was filed.  (Pet'r Reply at 1-2.)

 In addition, to the extent petitioner references his 440 Motion, or Coram Nobis Motion as containing the factual basis for his actual innocence claim, petitioner failed to provide any new evidence in these motions that was not presented at trial that could form the basis of an actual innocence claim.

In his 440 Motion, petitioner solely references DNA evidence found on the underwear of one of the victims, that was introduced at his trial, and that in his 440 motion he claimed was inadmissible.  (440 Motion at 3-5.)  Petitioner goes on to assert that if further testing were performed on the evidence, counsel would have been able to elicit responses from witnesses that could point to foul play.  (Id. at 5.)  Petitioner further contends that the testing of the DNA evidence produced the DNA of two other individuals and requests the Court complete new DNA testing  to "find the identity of the unknown individuals in the previous report" for petitioner "to be able to prove his innocence."  (440 Motion at 5, 8.)  Petitioner raises nearly identical arguments in his Coram Nobis Motion.  Petitioner failed to point to any new evidence in his state collateral filings that would meet the requirements for an equitable exception for AEDPA's limitation period.

Therefore, the Court finds no basis for equitably tolling AEDPA's one-year limitation period.

### III.     CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED and petitioner's

habeas corpus petition is dismissed with prejudice as time-barred.


**SO ORDERED.**


Dated:  July 11, 2018
Central Islip, New York

                                       _____/s/ (JMA)_____
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE